1522-CC10364

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| PERCY GREEN, III, ABRAM PRUITT, JR., | ) | |
| HARRITH RT AHMAD, ORLANDO AMBUS, | ) | |
| KENYATTA AMERSON, ANTON ARNOLD, | ) | |
| WILLIAM ARNOLD, RANDY BARNES, | ) | Cause Number |
| CHARLES BATES, RICHARD BETTS, | ) | |
| CHARLES BRADLEY, MICHAEL BRADLEY, | ) | |
| DARREN BROOKS, BARRY BROWN, SR., | ) | |
| WAYMAN BROWN, ELIJAH CARR, | ) | Division |
| MELVIN CARR, DANIEL CARROLL, | ) | |
| FRANK CARTER, DWANE CARTHEN, | ) | |
| JEFFREY CAWTHON, GEORGE CLARK, | ) | |
| KEITH CLERK, THOMAS CLINTON, | ) | |
| DUANE DANIELS, RAYMOND DANIELS, | ) | |
| MICHAEL DARDEN, ANTUAN DILTZ, | ) | |
| JACK DOUGLAS, JOHNNY DRIVER, | ) | |
| JERIX DURHAM, JOHN EWING, GENE FITTS, | ) | |
| JOHNNY FRANKLIN, RODNEY FREEMAN, | ) | |
| DESI FRENCHIE, LIZETTE GETTER, | ) | |
| ANDREW GILES, RAYMOND GILLESPIE, | ) | |
| MYRON GILMORE, DARRYL GIVENS, | ) | |
| KENNETH GREEN,  YOVOUNKA GUEST, | ) | |
| MARQUIS HAGEN,  TODD HALL, | ) | |
| SHAWN HARMON, MARQUIS HAYES, | ) | |
| RODNEY HEARD, BRIAN HINTON, | ) | |
| VANCE HODGES, MICHAEL HOSTETLER, | ) | |
| TODD HOWARD, BRIAN JACKSON, | ) | |
| PHILIP JACKSON, ROBERT JACKSON, | ) | |
| ANTHONY JACOBS, GORDON JEFFERY, | ) | |
| JOSEPH JOHNSON,  KENNETH JOHNSON, | ) | |
| GEORGE JONES, GREGORY JONES, | ) | |
| JAMES JONES, KEITH JONES, | ) | |
| BILLY JORDAN, SIDNEY JORDAN, | ) | |
| RONALD KIRK, ERIC LARRY, | ) | |
| WILLIAM LEWIS, MICHAEL LOVE, | ) | |
| QUINCY LUNNIE, WAYNE LUSTER, | ) | |
| HENRY MADDEN, ALLEN MARTIN, | ) | |
| MORRIS MAY, COREY MCBRIDE, | ) | |
| JOE MCKINNEY, LICOLE MCKINNEY, | ) | |
| CHERRI MERCHANT, DIANDRE MILLER, | ) | |
| PETER MILLER, WILLIAM MOLL, | ) | |
| STEVEN MONTGOMERY, ADRIAN MOORE, | ) | |
| CARL MOORE, CAROLYN MOORE, | ) | |

JARRET MORTON, KYLE MOORE,                    )
REGINALD MUHAMMAD, JOHN PRUITT,               )
DARREN MOOREHEAD, LYNDON MORGAN,              )
IRVING MOOREHEAD, SHIRLEAN MORRIS,            )
KHALLID MUHAMMAD, CURRIE NEVERALS,            )
BRUCE NEWTON, FRANCHOT O'NEAL,                )
CALVOANT PAIGE, MICHAEL PERKINS,              )
ENRIQUE QUINONES, DARRYL REECE,               )
THURMAN RHODES, III, WAYNE RIVERS,            )
CEDRIC ROSS, JOSEPH ROSS, ALLEN SIMS,         )
PAMELA SAUNDERS, DAVID SCOTT,                 )
PETER SELVEY, RONALD SMITH,                   )
VINCENT SMITH, DAVID SPROLING,                )
CALVIN STEWART, JAMES SUTHERLAND,             )
DENNIS TABB, MICHAEL TAYLOR,                  )
CLETUS TERRELL, DAVID TERRELL,                )
CURTIS TERRY, RUEBEN TERRY,                   )
JAMIE THOMPSON, SHAWN TOBIAS,                 )
ERIC TRUDO, CICELY TUCKER,                    )
LAMAR VAUGHN, MICHAEL VINCENT,                )
BRIAN WADE, GENEVELYN WADE,                   )
ANDREW WASH, CHRISTOPHER WATSON,              )
JOHN WATSON, BYRON WHITLOCK,                  )
BILLY WILLIAMS, PIERRE WILLIAMS,              )
TERRY WILLIAMS,  TWAIN WILLIAMS,              )
RODNEY WILLIAMS, WAYNE WILLIAMS,              )
CHARLES WILSON, and RODERICK WILSON,          )
                                              )
            Plaintiffs,                       )
                                              )
v.                                            )
                                              )
CITY OF ST. LOUIS,                            )
Serve: 1200 Market Street                     )
       St. Louis, Missouri 63103              )
                                              )
            Defendant.                        )

## PETITION

Plaintiffs, for their petition alleging employment discrimination, state:

1.      Percy Green, III, Harrith RT Ahmad, Orlando Ambus, Kenyatta Amerson, Anton Arnold, William Arnold, Randy Barnes, Charles Bates, Charles Bradley, Michael Bradley, Darren Brooks, Barry Brown, Sr., Wayman Brown, Elijah Carr, Melvin Carr, Daniel Carroll, Frank Carter, Dwane Carthen, Jeffrey Cawthon, George Clark, Keith Clerk, Thomas Clinton, Michael Darden, Antuan Diltz, Jack Douglas, Johnny Driver, Jerix Durham, John Ewing, Gene Fitts, Johnny Franklin, Rodney Freeman, Desi Frenchie, Lizette Getter, Andrew Giles, Raymond Gillespie, Myron Gilmore, Darryl Givens, Kenneth Green, Yovounka Guest, Marquis Hagen, Todd Hall, Shawn Harmon, Marquis Hayes, Rodney Heard, Brian Hinton, Vance Hodges, Michael Hostetler, Todd Howard, Brian Jackson, Philip Jackson, Robert Jackson, Anthony Jacobs, Gordon Jeffery, Joseph Johnson, Kenneth Johnson, George Jones, Gregory Jones, James Jones, Keith Jones, Billy Jordan, Sidney Jordan, Ronald Kirk, Eric Larry, William Lewis, Michael Love, Quincy Lunnie, Henry Madden, Allen Martin, Morris May, Corey McBride, Joe McKinney, Licole McKinney, Cherri Merchant, DiAndre Miller, Peter Miller, William Moll, Lyndon Morgan, Jarret Morton, Adrian Moore, Carl Moore, Kyle Moore, Darron Moorehead, Irving Moorehead, Shirlean Morris, Khallid Muhammad, Steven Montgomery, Reginald Muhammad, Currie Neverals, Bruce Newton, Franchot O'Neal, Calvoant Paige, Michael Perkins, Abram Pruitt, Jr., John Pruitt, Enrique Quinones, Darryl Reece, Wayne Rivers, Cedric Ross, Joseph Ross, Pamela Saunders, Peter Selvey, Allen Sims, Ronald Smith, Vincent Smith, David Sproling, Calvin Stewart, James Sutherland, Dennis Tabb, Michael Taylor, Cletus Terrell, David Terrell, Curtis Terry, Rueben Terry, Jamie Thompson, Shawn Tobias, Eric Trudo, Cicely Tucker, Lamar Vaughn, Michael Vincent, Brian Wade, Genevelyn Wade, Andrew Wash, John Watson, Byron Whitlock, Billy Williams, Pierre Williams, Terry Williams, Twain Williams,

Rodney Williams, Wayne Williams, Charles Wilson, Thurman Rhodes, III, Christopher Watson, and Roderick Wilson (collectively, "Captain Candidates") are all firefighters employed by the City of St. Louis (the "City") who applied for promotion to the rank of Captain in 2013.

2.      Abram Pruitt, Jr., Richard Betts, Duane Daniels, Raymond Daniels, Wayne Luster, Carolyn Moore, and David Scott (collectively, "Battalion Chief Candidates") are all firefighters employed by the City who applied for promotion to the rank of Battalion Chief in 2013.

3.      Plaintiffs are Black.

4.      Plaintiffs are members of The Firefighters Institute for Racial Equality ("F.I.R.E."). F.I.R.E. is an organization representing Black firefighters in the City dedicated to promoting professional competence among fire service professionals and combating systemic racism within the City's fire department.

5.      In response to prior racial-discrimination litigation surrounding the testing procedures used to evaluate candidates for promotion in the City's fire department, the City's top personnel employees conducted a study of the testing components historically used by the City to determine whether those components had an adverse impact on Black promotional candidates.

6.      In the study, the City found:

   a. That White promotional candidates consistently scored higher than Black promotional candidates on the written test components;

   b. That written tests graded on a numerical scale, rather than on a pass-fail basis, adversely impacted Black promotional candidates;

4

c. That written tests that were used to establish a ranking among promotional candidates adversely impacted Black promotional candidates;

d. That written test scores did not predict the success of a fire Captain or Battalion Chief in performing the duties of his or her position except when used to eliminate those who scored below a relatively low minimum score;

e. That the adverse impact on Black promotional candidates of written tests could be reduced by using written tests graded solely on a pass-fail basis with a low cut-off score and not used to rank promotional candidates; and

d. That using high cut-off scores on the performance test component of promotional tests resulted in the ranking of promotional candidates that were less likely to have an adverse impact on Black promotional candidates.

7.      The study was authored by City employees Gary Gebhart, William Duffe, and Roger McCurley. Their positions at the time of the study were Assistant Examination Manager, Director of Personnel, and Recruitment & Examination Manager, respectively. The study was published as "Fire Service Testing in a Litigious Environment: A Case History" in the journal of Public Personnel Management (Winter 1998).

8.      F.I.R.E. wrote to the City's Comptroller on plaintiffs' behalf on October 17, 2012 requesting that the City implement safeguards to protect Black promotional candidates against discrimination in the then-upcoming 2013 Captain and Battalion Chief promotional tests. The safeguards suggested by F.I.R.E. included:

a. Providing test assessors whose racial and gender makeup mirrored those of the overall Captain and Battalion Chief candidate pool;

5

b. Recording the performance portions of the test with audio or, preferably, video recording equipment, so that each candidate's performance would be capable of being reviewed;

c. Providing an appeals process that provided candidates with more time to initiate an appeal than had been provided in the past and increased transparency of test data for use in any such appeals;

d. Grading written tests on site immediately upon test completion and providing the scores to the candidates at that time; and

e. Increasing security to protect against imposters taking the test in place of actual candidates.

9.    Upon receipt of F.I.R.E.'s recommendations, the City's Comptroller forwarded them to Gary Gebhart, then-Manager of City's Examination Section in the Department of Personnel. Gebhart was one of the authors of the City's study.

10.    The City's Comptroller brought F.I.R.E.'s recommendations to the City's Board of Estimate and Apportionment ("E&A"), which passed a resolution requesting that the City's Director of Personnel take steps to ensure the fairness and integrity of the promotional process. The resolution was passed by the Board of E&A in November 2012. It was signed by the Mayor, Comptroller, and President of the Board of Alderman. The resolution requested that "City's Director of Personnel ensure that reasonable steps have been taken to encourage Consultant, to include diverse assessor panels (if such panels are utilized), implement the appeals process fairly, and to implement adequate security measures so as to protect the integrity of the process."

6

11.    The Board of E&A sent the resolution to Richard R. Frank, City's Director of Personnel.

12.    Under the City's Charter, the Director of Personnel is able to act independently of the Mayor, the Board of E&A, and the Board of Alderman.

13.    Acting in complete disregard of the City's study, the Board of E&A resolution, and F.I.R.E.'s recommendations, the City's Department of Personnel proceeded with structuring its 2013 Captain and Battalion Chief promotional tests to maximize the adverse impact of those tests on the Black promotional candidates by:

  a. Including a numerically-scored written test that was not used as a cut-off on a pass or fail basis, but was used in ranking the promotional candidates;

  b. Removing the written tests and grading them offsite, subject to undisclosed adjustments, although the test forms were capable of being graded on site;

  c. Providing test assessors for the performance portion of the test whose racial and gender makeup did not match the candidate pool, instead being almost exclusively white and male; and

  d. Refusing to video or audio record the performance components of the test.

14.    The City's grading criteria were also designed and implemented to disproportionately affect Black promotional candidates. On information and belief, this included the City altering test scores of Black promotional candidates.

15.    Plaintiffs and the White promotional candidates were mailed their promotional test results in late November 2013. The results included each candidate's performance and written composite test scores. The results did not provide information about the percentage of

questions answered correctly. The results did not identify which questions were answered correctly or incorrectly. The results did not provide the City's grading scale or criteria. The City did not provide the candidates with any information as to what it claimed to be the correct answer for any question.

16.    Contrary to Sections 12 and 13 of the City's Civil Service Rule VI and the City's prior practices: (1) the City did not allow the Captain and Battalion Chief Candidates to inspect their ratings and test papers; (2) the City did not provide the Captain and Battalion Chief Candidates the form to be used to file an appeal; (3) the City did not notify the Captain and Battalion Chief Candidates that they had a right to appeal; and (4) the City did not state how many days the Captain and Battalion Chief Candidates had in which to file an appeal or to whom an appeal should be submitted.

17.    The test results letters were sent to the promotional candidates under the name of Bryan Boeckelmann of the Department of Personnel. Dissatisfied promotional candidates who sent their appeals to Boeckelmann had their appeals rejected, however, because he was not the person to whom appeals were to be submitted. Rather, the undisclosed person to whom appeals were to be submitted was Richard Frank, Director of Personnel. The City rejected appeals from promotional candidates who electronically mailed their appeals, but required all appeals to be hand-delivered. The City refused to allow promotional candidates filing appeals to use copiers, printers, or computers at the Department of Personnel in connection with their appeals. The City refused to provide those filing appeals any proof of filing.

18.    Those promotional candidates who managed to jump through all of the hoops to file an appeal had their appeals summarily rejected, without any individual consideration

8

whatsoever. Each appealing promotional candidate received a form letter stating: "I find that no manifest error exists in the rating, scoring, or computation of the results of this examination. Therefore, I deny your appeal. Furthermore, all pertinent information that is available regarding your test results has already been included with the candidate score note that was mailed to you on November 22. Therefore, no additional material is available for review."

19.     The City made its first promotions to Fire Captain and Battalion Chief from the 2013 promotional list before the 10-day appeal deadline expired. All available promotional slots were filled before the appeal deadline had expired.

20.     Because the City's Captain and Battalion Chief examinations were intended to adversely affect Black candidates relative to their White competitors, or were designed with reckless disregard of the City's understanding that they would adversely affect the Black promotional candidates, the City's so-called appeals process disproportionately affected the Black promotional candidates.

21.     The City refused, and continues to refuse, to release test data from the 2013 tests to F.I.R.E. and the plaintiffs.

22.     Material information about plaintiffs' test scores was not included with their respective candidate scores mailed on or about November 22, 2013 or at any other time.

23.     Plaintiffs filed a discrimination charge against City with the Equal Employment Opportunity Commission seeking redress for the City's discriminatory testing practices in connection with the 2013 promotional tests. They received a "right to sue" letter May 19, 2015.

## COUNT 1 - EMPLOYMENT DISCRIMINATION
## BATTALION CHIEF CANDIDATES

The Battalion Chief Candidates incorporate each preceding paragraph as though fully restated herein.

24.     The City, acting through its Department of Personnel, knowingly and intentionally designed its Battalion Chief test questions, the test structure, the appeal process, and the grading criteria, including the alteration of Battalion Chief Candidates' scores, to disproportionately affect Black Battalion Chief Candidates.

25.     The City's actions were unlawful employment practices in violation of the Civil Rights Act, 42 U.S.C. 2000e-2(l).

WHEREFORE, each Battalion Chief Candidate plaintiff requests that the Court enter judgment in his or her favor against the City for damages in an amount in excess of $25,000, plus front pay, back pay, attorneys' fees, expert witness fees, compensatory damages under 42 U.S.C. 1981a, and interest, and for such further relief as to which they may be entitled.

## COUNT 2 - EMPLOYMENT DISCRIMINATION
## CAPTAIN CANDIDATES

The Captain Candidates incorporate paragraphs 1-23 as though fully restated herein.

26.     The City, acting through its Department of Personnel, knowingly and intentionally designed its Captain's test questions, the test structure, the appeal process, and the grading criteria, including the alteration of Captain Candidates test scores, to disproportionately affect Black Captain Candidates.

27.     In addition, the City treated Black and White candidates differently in the administration of the Captain promotional tests. For example, during the written test portion of

10

the Captain examination, a White candidate arrived 30-45 minutes late and was allowed to take the written examination. In contrast, during the performance test portion of the Captain test, a Black candidate accidentally got in a line with the wrong group of candidates. He was therefore late in joining his testing group and was not permitted to take the test because he was late. In the past, the City allowed candidates who were not with their assigned group on time to take the test with a subsequent group or at the end of the testing day.

28.     City's actions were unlawful employment practices in violation of the Civil Rights Act, 42 U.S.C. 2000e-2(l).

WHEREFORE, each Captain Candidate plaintiff requests that the Court enter judgment in his or her favor against the City for damages in an amount in excess of $25,000, plus front pay, back pay, attorneys' fees, expert witness fees, compensatory damages under 42 U.S.C. 1981a, and interest, and for such further relief as to which they may be entitled.

## COUNT 3 – EQUITABLE RELIEF
## BATTALION CHIEF CANDIDATES

The Battalion Chief Candidates incorporate paragraphs 1-25 as though fully restated herein.

29.     The City used the Battalion Chief promotional test results to rank the Battalion Chief promotional candidates. The three highest-scoring promotional test candidates were immediately promoted to the rank of Battalion Chief. The remaining promotional candidates were placed on a promotion list, ranked according to their promotional test results. The City uses this promotion list when a Battalion Chief position becomes vacant, with the promotional test candidate at the top of the list being promoted.

30.     The City's discriminatory Battalion Chief promotional test resulted in a Battalion Chief promotion list that adversely impacted, and continues to adversely impact, the timing within which Black Battalion Chief candidates can be promoted to Battalion Chief.

31.     A Battalion Chief must serve in the Battalion Chief position for three years before he or she is eligible to take the Deputy Chief promotional test.

32.     The Battalion Chief promotion list adversely affects the timing within which Black Battalion Chief candidates become eligible to take the Deputy Chief promotional test.

33.     The Court is authorized to order any affirmative action or other equitable relief that it deems appropriate under 42 U.S.C. 2000e-5(g)(1).

34.     Each Battalion Chief Candidate plaintiff is entitled to be moved higher up on the Battalion Chief promotion list. Each Battalion Chief Candidate plaintiff may be entitled to receive credit toward the years of Battalion Chief service necessary to become eligible to take the Deputy Chief promotional test if he or she would have been elevated to Battalion Chief earlier but for the racially-discriminatory promotional test.

WHEREFORE, each Battalion Chief Candidate plaintiff requests that the Court enter judgment in his or her favor against the City for equitable relief including moving each Battalion Chief Candidate plaintiff higher up on the Battalion Chief promotion list, giving each Battalion Chief Candidate plaintiff appropriate credit toward his or her eligibility to take the Deputy Chief promotional test, and for such further relief as to which each may be entitled.

## COUNT 4 - EQUITABLE RELIEF
## CAPTAIN CANDIDATES

The Captain Candidates incorporate paragraphs 1-23 and 26-28 as though fully restated herein.

12

35.     The City used the Captain promotional test results to rank the Captain promotional candidates. The 25 highest-scoring promotional test candidates were immediately promoted to the rank of Captain. The remaining promotional candidates were placed on a promotion list, ranked according to their promotional test results. The City uses this promotion list when a Captain position becomes vacant, with the promotional test candidate at the top of the list being promoted.

36.     The City's discriminatory Captain promotional test resulted in a Captain promotion list that adversely impacted, and continues to adversely impact, the timing within which Black Captain candidates can be promoted to Captain.

37.     A Captain must serve in the Captain position for four years before he or she is eligible to take the Battalion Chief promotional test.

38.     The Captain promotion list adversely affects the timing within which Black Captain candidates become eligible to take the Battalion Chief promotional test.

39.     The Court is authorized to order any affirmative action or other equitable relief that it deems appropriate under 42 U.S.C. 2000e-5(g)(1).

40.     Each Captain Candidate plaintiff is entitled to be moved higher up on the Captain promotion list. Each Captain Candidate plaintiff is entitled to receive credit toward the years of Captain service necessary to become eligible to take the Battalion Chief promotional test if he or she would have been elevated to Captain earlier but for the racially-discriminatory promotional test.

WHEREFORE, each Captain Candidate plaintiff requests that the Court enter judgment in his or her favor against the City for equitable relief including moving each Captain Candidate

plaintiff higher up on the Captain promotion list, giving each Captain Candidate plaintiff appropriate credit toward his or her eligibility to take the Battalion Chief promotional test, and for such further relief as to which each may be entitled.

Respectfully submitted,

JACOBSON PRESS & FIELDS, P.C.

By:     /s/ Joe D. Jacobson
        Joe D. Jacobson, #33715
        Matthew B. Vianello, #63303
        168 N. Meramec Avenue, Suite 150
        Clayton, MO 63105
        Tel: (314) 899-9789
        Fax: (314) 899-0282
        Email: jacobson@archcitylawyers.com
               vianello@archcitylawyers.com

Attorneys for plaintiffs