UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PERCY GREEN, III, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No. 4:15-CV-01433 |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SUGGESTIONS IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

INTRODUCTION

Plaintiff Percy Green on behalf of Firefighters Institute for Racial Equality ("F.I.R.E.") filed a charge with the EEOC alleging race discrimination associated with promotional testing for City Fire Department captains and battalion chiefs on August 29, 2014. *Exhibit A*. No other individuals were identified as charging parties. Thereafter, on May 19, 2015, the EEOC issued its "right to sue" letter. *Exhibit B*. On August 13, 2015, Plaintiff Percy Green and one hundred and thirty nine (139) other plaintiffs filed this suit against the City of St. Louis ("City") alleging discrimination in the promotional testing for captains and battalion chiefs in the Fire Department in 2013. While F.I.R.E. was a charging party in the EEOC charge, F.I.R.E is not a party to this action.

Defendant moves to dismiss this cause pursuant to Rule 12(b)(1) because this court lacks jurisdiction of the subject matter of this cause and Rule 12(b) (6) because Plaintiff has failed to state a claim upon which relief can be granted.

PLAINTIFFS FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES

Discrimination claims will be dismissed as being time-barred if not filed within the time limit described by the relevant statute. 42 USC Section 2000e-5(e)(1) provides that charges alleging discrimination in employment shall be filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the alleged unlawful employment practice occurred. Where the aggrieved person has initially instituted proceedings with a state agency, such as the Missouri Commission on Human Rights ("MCHR"), as here, this time period is extended and the person aggrieved shall file his or her charge within 300 days of the alleged unlawful employment practice. A claim for discrimination is time barred if it is not filed within these limits. *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 109 (2002).

A prerequisite of maintaining a claim for discrimination is that the plaintiff must exhaust his or her administrative remedies. In *Richter v. Advance Auto Parts*, 686 F.3d 847 (8th Cir. 2012), the plaintiff's retaliation claim was dismissed for failing to exhaust her administrative remedies. The court determined that while the plaintiff did articulate certain employment practices as discriminatory in her initial charge of discrimination, her failure to amend her administrative complaint to include her later employment termination as retaliation precluded her from bringing suit for the retaliation. The court distinguished discrete acts of discrimination from ongoing employment practices and found that termination represented a discrete act which required exhaustion of administrative remedies. *Id.* at 850, 851. The same result was reached in *Stuart v. General Motors Corp.*, 217 F.3d 621 (8th Cir. 2000).

While these authorities barred individual additional charges which were not exhausted, the same logic applies to the instant case. Here, other than Percy Green, the named plaintiffs have filed no charges with the EEOC. In order to preserve their right to file suit, these plaintiffs should have filed their charges with the EEOC within three hundred days of the acts complained of which are alleged to have occurred between August, 2013 and November 22, 2013. Since they did not do so, their claims must be dismissed. *National R.R. Passenger Corp.* 536 U.S. at 109.

Plaintiffs will likely argue that they are excused from filing their individual charges with the EEOC because of the "single-filing rule." Under this court-made rule, once a single plaintiff has filed an administrative charge, other plaintiffs may join the Title VII action by "piggybacking" on the original charge. *Simpson v. Boeing Co*., 27 F.Supp. 3d 989, 991-992 (E.D. Mo.2014). Such piggybacking may be allowed where the charge to be relied upon is timely and not otherwise defective. *Calloway v. Partners Nat. Health Plans*, 983 F.2d 446, 449 (11th Cir. 1993). The charge filed herein fails this test and is distinguishable from other cases where the single filing rule has excused exhaustion of administrative remedies.

The piggybacking rule will not save Plaintiffs' Complaint for three reasons. First, this charge was brought not by Percy Green III individually but on behalf of F.I.R.E." No allegation is made either in the charge or in Plaintiff's complaint of the nature of F.I.R.E or its organizational status or structure. In order for F.I.R.E. to have requisite standing to assert the charge, F.I.R.E. would have to have suffered an "injury in fact" or an invasion of a legally-protected interest which is concrete and particularized and actual or imminent. *Blunt v. Lower Merion School Dist*., 262 F.R.D. 481, 486 (E.D.Pa.2009).

F.I.R.E. did not assert a legally protected interest in its charge. Consequently, the underlying charge was defective because it was not brought by Percy Green III individually.

Second, this rule has largely been construed in the context of class action discrimination cases. *Simpson,* 27 F.Supp. 3d at 990; *Catlin v. Wal-Mart Stores*, __ F. Supp.3d__(D. Minn. 2015). In this case, no class certification has been sought.

Finally, the single filing exception is inapplicable where the the plaintiffs have not pleaded sufficient facts to allege that they are similarly situated. *Tia J. Horton v. Jackson County Bd. of County Com'rs.*, 343 F.3d 897, 901 (7th Cir.2003). Here, Plaintiffs have not alleged sufficient facts, including distinguishing applicants for captain versus battalion chief, relative test scores, whether black applicants achieved promotions, and other such detail to permit an examination as to whether Plaintiffs are indeed similarly situated.

For the above stated reasons, Plaintiff's Complaint should be dismissed.

Respectfully submitted,

WINSTON E. CALVERT,
CITY COUNSELOR

/s/Nancy E. Emmel
Nancy R. Kistler #36136MO
Deputy City Counselor
Nancy E. Emmel #32524MO
Associate City Counselor
1200 Market Street
City Hall Room 314
St. Louis, Missouri 63103
Phone: (314) 622-3361
Fax:    (314) 622-4956
Attorneys for Defendant
KistlerN@stlouis-mo.gov
EmmelN@stlouis-mo.gov

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on October 9, 2015, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon: Mr. Matthew B. Vianello, Attorney at Plaintiffs, Jacobson Press & Fields, P.C., 168 N. Meramec Ave., Ste. 150, Clayton, MO 63105, [Vianello@ArchCityLawyers.com](mailto:Vianello@ArchCityLawyers.com).

                                            /s/Nancy E. Emmel