UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PERCY GREEN III, et al.,        )
                                )
        Plaintiffs,             )
                                )
    vs.                         )        Case No. 4:15 CV 1433 RWS
                                )
CITY OF ST. LOUIS,              )
                                )
        Defendant.              )

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiffs are 140 black firefighters employed by the City of St. Louis and members of

F.I.R.E. (Firefighters Institute for Racial Equality).  Plaintiff Green is an officer of F.I.R.E.

Plaintiffs allege that the City's 2013 promotion tests for Battalion Chief and Captain were

racially discriminatory in violation of Title VII.  Defendant moves to dismiss plaintiffs'

complaint, arguing that plaintiffs failed to exhaust their administrative remedies by timely filing

a charge of discrimination with the EEOC.  Defendant claims that the underlying charge was

defective because it was brought by Percy Green III on behalf of FIRE and not on behalf of

Green individually, and that no other plaintiffs were parties to the charge.  In response to this

motion, plaintiffs attach a letter from their attorney to the EEOC initiating the complaint process.

 This letter clearly states that the charge is being brought by the 140 plaintiffs named here, and it

lists them individually as claimants on page 5 of the letter.  Plaintiffs claim that the Charge of

Discrimination was later signed by Green as an officer of FIRE at the request of the EEOC.

Plaintiffs also rely on the language of Title VII itself, which provides that a charge of

discrimination may be filed "by or on behalf of a person claiming to be aggrieved . . .," 42

U.S.C. § 2000e-5(b), and caselaw from the Eighth Circuit Court of Appeals, which has stated

that in circumstances such as these, "we view the fact that it was the Union, and not the

[aggrieved members], who filed the charge insignificant." *Local 179, United Textile Workers v.*

*Federal Paper Stock Co.*, 461 F.2d 849, 850-51 (8th Cir. 1972).  Defendant has not bothered to

reply to plaintiffs' opposition, and its time for doing so has expired.  As it appears that

defendant's motion should be denied for the reasons set out in plaintiffs' opposition,

**IT IS HEREBY ORDERED** that **defendant shall show cause in writing by noon on**
**Thursday, November 5, 2015, why its motion to dismiss [9] should not be denied for the**
**reasons stated by plaintiffs.  No extensions of time will be granted, and failure to timely**
**comply with this Show Cause Order will result in a denial of the motion to dismiss for the**
**reasons stated by plaintiffs in their opposition.**

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this  3rd   day of November, 2015.

2