UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PERCY GREEN, III, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Cause No. 4:15-CV-1433-RWS ) ) |
| CITY OF ST. LOUIS, | ) ) |
| Defendant. | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE

Plaintiffs bring their action against defendant City of St. Louis, alleging racial discrimination in the promotional testing and ranking systems used by the City of St. Louis Fire Department. Movant, the St. Louis Fire Fighters Association- International Association of Fire Fighters Local 73 ("Local 73"), now moves to intervene in this action in accordance with Rule 24 of the Federal Rules of Civil Procedure as of right or, in the alternative, by permissive intervention.

Local 73 is the certified exclusive representative of all firefighters and fire captains in the City of St. Louis Fire Department. Local 73 moves to intervene in order to protect its interests and those of its members, which will unquestionably be affected by the litigation or settlement of this matter.

## ARGUMENT

Under Rule 24 of the Federal Rules of Civil Procedure, a party may seek to intervene in a legal action either by right or by permission upon a timely application to the court. F.R.C.P. 24(a), (b). The threshold issue under either Rule 24(a) or (b) is timeliness. *See* United States v. Union Elec. Co., 64 F.3d 1152, 1159 (8th Cir. 1995). "Whether a motion to intervene is timely is

determined by considering all the circumstances of the case. Id. at 1158-1159. Local 73 seeks to intervene in this action at an extremely early point in the litigation, more than 18 months before the case is scheduled for trial, and the current parties will not be at all prejudiced by the intervention of Local 73. As such, this court should allow Local 73 to intervene as of right. A similar motion to intervene was granted on behalf of Local 73 by Judge Sippell in Case No. 4:04-CV-00885 (E.D. Mo.) on October 6, 2004.

> **1. The Motion to Intervene Should be Granted as of Right Because Local 73 Has a Recognized Interest that May Be Impaired by the Present Litigation and Is Not Adequately Represented by the Existing Parties**

Upon finding the application timely, intervention shall be allowed as of right if: 1) the proposed intervenor has a recognized interest in the subject matter of the litigation; 2) the interest may be impaired as a result of the litigation; and 3) the interest is not adequately protected by the existing parties. F. R. C. P. 24(a)(2); Chiglo v. City of Preston, 104 F.3d 185, 187 (8th Cir. 1997). Rule 24 should be construed liberally, with all doubts resolved in favor of the proposed intervenor. *See* Union Elec. Co. , 64 F.3d at 1158 (citations omitted).

The first issue is whether the movant has a recognized interest in the subject matter of the litigation. *See* F.R.C.P. 24(a)(2); Chiglo, 104 F.3d. at 187. As noted above, plaintiffs claim that the examination processes employed by defendant for the ranking and promotion of City of St. Louis firefighters was and is slanted against Black candidates. Members of Local 73 – Caucasian, Black, and potentially of all races – receive or are denied promotions based upon these examination and ranking procedures. These candidates' rights will undeniably be affected by any resolution of plaintiffs' claims. Likewise, Local 73's interest in protecting promotional opportunities for all of its members who would be effected by plaintiffs' claims should be found

to be sufficiently related to the subject matter of the litigation to justify intervention under Rule 24(a)(2).

The second issue to be addressed is whether the movant's interests may be impaired by the litigation.  See F.R.C.P. 24(a)(2); Chiglo, 104 F.3d. at 187.  The proposed intervenor only needs to show that his or her interest **may be** impaired as a practical matter, not that it **will be** impaired.  Union Elec. Co., 64 F.3d at 1161.  Where the intervenor's interest may be contingent upon the outcome of the litigation or potential settlement, this is enough to show that his or her interest may be impaired.  *See* Id. at 1162; Mille Lacs Band, 989 F.2d at 997.  In the present case, Local 73's interests will be affected if the Court ultimately finds that the promotional process is discriminatory or invalid, or if the parties negotiate a settlement that alters the current and future promotion opportunities of Local 73 members.  Thus, Rule 24(a)(2) is satisfied with regard to the second element.

Finally, the third issue relevant to the question of intervention of right is whether the existing parties can adequately protect the proposed intervenor's interest.  See F.R.C. P. 24(a)(2); Chiglo, 104 F.3d. at 187.  The intervenor bears the burden of showing his or her interest is not adequately represented.  Chiglo, 104 F.3d at 187 (citations omitted).  Generally, this burden is minimal, and it may be satisfied by showing that the existing representation may be inadequate. Trbovich v. United States Mine Workers of Amer., 404 U.S. 528, 538, n.10 (1972); Chiglo, 104 F.3d at 187; Kansas Pub. Emples. Retirement Sys. v. Reimer & Koger Assocs., 60 F.3d 1304 (8th Cir. 1995).  Where, as here, a governmental body is a party acting as an employer and not as a sovereign, there is no presumption that the governmental body is adequately protecting the interests of employees, and the movant only needs to make the minimal showing that the existing

3

parties will not adequately represent its interests. *See* Edwards v. City of Houston, 78 F.3d 983, 1005 (5th Cir. 1996).

Local 73's interests are different from those of both the plaintiffs and the defendant in this case. Local 73 represents **all** firefighters and fire captains in the City of St. Louis' fire department. The interests of the individual plaintiffs in this case are individual interests, not necessarily the interests of all firefighters or fire captains, or of the entire membership of Local 73. Therefore, since the interests of Local 73 and the plaintiffs may not be entirely aligned, Local 73 desires to intervene to protect the unique interests of its membership separate and apart from those of the plaintiffs. At the same time, the interests of the City are not aligned with Local 73's interests either, because they are the interests of the employer, not the interests of the bargaining unit. Again, Local 73, as the collective bargaining representative for the City employees, clearly has interests different than the employer of its members. Accordingly, since Local 73 has unique interests not adequately represented by either of the existing parties, it has met the minimal burden necessary to satisfy the third requirement for intervention.

Since Local 73 has made a timely application and has demonstrated all of the elements under Rule 24(a)(2), the motion to intervene should be granted as of right.

### 2. In the Alternative, the Motion to Intervene Should Be Granted Based on Permissive Intervention

In the alternative, Local 73 requests the Court grant its motion under Rule 24(b)(2), which provides that a court, in its discretion, may grant permissive intervention where a prospective intervenor's claim or defense has a common question of law or fact to the main action. F.R.C.P. 24(b)(2). Local 73 shares a common question of law and fact with plaintiffs' claim— the legality and validity of the existing promotional examination and ranking procedures. Local 73's members are all subject to the promotional examinations and ranking

4

system challenged by the plaintiffs. Therefore, the questions of law and fact regarding the legality of that system raised by the plaintiffs in their Complaint are crucial to Local 73 and its entire membership. Thus, even if the Court denies the motion to intervene as of right, Local 73 requests the Court grant the motion in its discretion as permitted under Rule 24(b)(2).

## CONCLUSION

Based on the foregoing, Local 73 submits that this is a proper case to grant a motion to intervene as of right or permissively under Rule 24 of the Federal Rules of Civil Procedure. As a practical matter, the policy consideration that all parties who may be affected by the outcome of an action be allowed to represent their interests, so long as it would not change the nature of the action, also supports the motion. Accordingly, Local 73 requests that the Court grant its motion to intervene.

Respectfully submitted,

HAMMOND AND SHINNERS, P.C.
7730 Carondelet, Suite 200
St. Louis, Missouri 63105
Phone: (314) 727-1015
Fax: (314) 727-6804

    /s/ Nathan K. Gilbert
GREG A. CAMPBELL, #35381MO
SHERRIE A. HALL, #40949MO
NATHAN K. GILBERT, #68093MO

Attorneys for Intervenors

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the parties.

    /s/ Nathan K. Gilbert