UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
Eastern Division

| | |
|---|---|
| Percy Green III, et al.,<br><br>PLAINTIFFS,<br><br>v.<br><br>City of St. Louis,<br><br>DEFENDANT. | Cause No. 4:15-cv-01433-RWS |

# City of St. Louis Response in Opposition to
# Motion to Intervene or Alternatively, Motion for Extension of Time to Respond to Motion to Enforce Settlement

For its Response in Opposition to the Motion to Intervene (Doc. #75), Defendant City of St. Louis ("City") asks the Court to deny the Motion based on a lack of jurisdiction or to otherwise grant no relief, for the reasons laid out more fully below. In the alternative, if the Court determines that it has ancillary jurisdiction to rule on the relief requested, City asks the Court for an extension of time of 14 days from the date of a ruling on the jurisdictional issue to separately respond to the merits of Plaintiff's Motion to Enforce Settlement Agreement (Doc. # 75-1).

## Background

The parties to this matter agreed to a settlement and resolved all claims pending more than five (5) years ago. On August 16, 2017, in recognition of the settlement, the Court entered its Order dismissing this case with prejudice. Doc. #

1

74. The Court's dismissal did not expressly retain jurisdiction to enforce the settlement. Doc. # 74.

On August 3, 2022, certain City employees (Robert Eveland, William Ellen, Steven Nienhouse, Darren Williams, Andrew Woodhead, Donald Champ, Licole McKinney, Timothy Schultz, Ted Chrun, Kevin Herdler, Michael Vincent, Ted Ellis, Nick Scanga, John Fischer, Joseph Nea, Jessica Jackson, and Dave Hummel ("Movants")) filed a Motion to Intervene, Doc. #75, and a Motion to Enforce Settlement Agreement. Doc. #75-1.

## Argument

I.  *The Court Lacks Jurisdiction and Cannot Grant any Relief*

The Court lacks jurisdiction to grant relief to Movants, thus the motions must be denied.

Under federal law, district courts lack subject matter jurisdiction to enforce a settlement after a case has been dismissed. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 381 (1994); see also *4:20 Communs., Inc. v. Paradigm Co.,* 336 F.3d 775 (8th Cir. 2003). However, a district court may be able to act to enforce a settlement pursuant to ancillary jurisdiction, which "exists *only if* the parties' obligation to comply with the terms of the settlement agreement [is] made part of the order of dismissal—either by … a provision "retaining jurisdiction" over the settlement agreement [ ] or by incorporat[ion of] the terms of the settlement agreement in the order.'" *Miener v. Missouri Dept. of Mental Health,* 62 F.3d 1126, 1127 (8th Cir.1995) (quoting *Kokkonen,* 511 U.S. at 381, 114 S.Ct. 1673) (emphasis

added). "Ancillary jurisdiction to enforce the agreement exists in these situations because breach of the agreement violates the district court's judgment." *Id.*

Here, the Plaintiffs filed a Notice of Voluntary Dismissal with Prejudice ("the NVD"), which was signed by the parties, on August 15, 2017. Doc. #72. The NVD included a copy of the fully-executed settlement agreement as an attachment thereto, which was "filed with the court to be part of the permanent record of this case." On August 17, 2017, the Court signed the NVD and added "so ordered". Doc. #74. Nothing in the NVD, or the Order of Dismissal, expressly provides that this Court would retain jurisdiction over the settlement agreement. The Court's Order of Dismissal did not incorporate the settlement agreement nor did it incorporate any of the terms of the settlement agreement. As such, the neither of the two circumstances in *Kokkonen* which would impart ancillary jurisdiction exist here. The Court lacks ancillary jurisdiction to grant any relief in that the Movants' alleged breach of the settlement agreement does not amount to a violation of any judgment of the district court.

Thus, the Court must deny Movants' Motion to Intervene, and consequently, also deny the Motion to Enforce Settlement Agreement.

II. *If the Court Has Jurisdiction to Grant Relief, Defendants Seek Additional Time to Respond to the Motion to Enforce Settlement*

In the alternative, if the Court finds that it has jurisdiction to grant any relief in this matter, City asks the Court for an extension of time so that it may respond to the merits of Movants' secondary motion, the Motion to Enforce

3

Settlement (Doc. #75-1). In particular, City asks the Court grant an additional 14 days from the date of an order ruling on the jurisdictional question to file a separate memorandum in opposition to the Motion to Enforce Settlement. Undersigned counsel conferred with counsel for Movants on the two-stage briefing request and on the extension of time request; counsel for Movants consents to both requests, but did not expressly consent to any particular amount of time for the extension. City avers that 14 days is a reasonable request under the circumstances in that it mirrors the time allotted under Local Rule 4.01(B) for responding to motions.

Thus, if the Court determines it has jurisdiction to potentially grant the relief sought by Movants, the Court should enter an order permitting City 14 days to file a response to Movants' Motion to Enforce Settlement Agreement.

Respectfully submitted,<br>
SHEENA HAMILTON,<br>
CITY COUNSELOR<br>
<br>
<u>/s/ J. Brent Dulle #59705(MO)</u><br>
Associate City Counselor<br>
CITY OF ST. LOUIS LAW DEPARTMENT<br>
1200 Market Street<br>
City Hall Rm 314<br>
St. Louis, MO 63103<br>
(314) 622-3361<br>
dulleb@stlouis-mo.gov<br>
***Attorney for Defendants***

4