UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
Eastern Division

| | |
|---|---|
| PERCY GREEN III, *et al.*,  )<br>  )<br>　　　Plaintiffs,　　　)<br>  )<br>　vs.　　　　　　　　　)<br>  )<br>CITY OF ST. LOUIS,　　 )<br>  )<br>　　　Defendant　　　 )<br>  )<br>　and　　　　　　　　　)<br>  )<br>ST. LOUIS FIRE FIGHTERS )<br>ASSOC. — INT'L ASSOC. OF )<br>FIRE FIGHTERS LOCAL 73, )<br>  )<br>　　　Intervenor.　　　　)  | Case No. 4:15-cv-01433-RWS |

**PLAINTIFFS' OPPOSITION TO 2022 MOTION TO INTERVENE**

Plaintiffs Percy Green III, *et al.*, oppose the motion to intervene filed by a group of individuals who describe themselves as firefighter employees of the City of St. Louis.

The motion to intervene should be denied for numerous reasons:

1.　As the City of St. Louis notes in its opposition to the motion, the Court did not retain jurisdiction over the case to enforce the settlement agreement when the case was dismissed with prejudice in August 16, 2017. That the notice of voluntary dismissal with prejudice provided that, "A copy of the fully-executed settlement agreement is attached and filed with the court to be part of the permanent record of this case," did not purport to incorporate the settlement agreement in the judgment or to keep the case open for purposes of enforcement of the settlement agreement.

1

2. Movants are not third-party beneficiaries to the settlement agreement. Movants' bare assertion that they are third-party beneficiaries is not self-proving. A more blatant case of *ipso dixit* is hard to imagine: Movants do not even set out the test for intervention, let alone show how the elements of the test are satisfied, instead stating baldly that they "easily satisfy the requirements … and thus have a near-absolute right to intervene …," and that they "manifestly have Article III standing."

Adjectives are not argument. Assertions are not evidence. Movants, however, state their position as though they do not know the difference.

With regard to evidence, the following is evident from the face of the settlement agreement. Movants are not named in agreement as third-party beneficiaries. Firefighters individually as a class are also not named as beneficiaries. Moreover, it is clear from the text of the agreement that the parties to the settlement agreement were not contemplating that anyone would be promoted off of the 2013 Eligible Lists in 2022, which is the benefit to which Movants claim to be entitled. To the contrary, the settlement agreement provided that the City would schedule new promotional exams, leading to new eligible lists, *by December 2018. Settlement Agreement* § 2. The settlement agreement provided that new promotional exams would be administered thereafter approximately 36 months after certification of a new eligible list. *Id.* § 3.

Thus, if the City had followed the agreed schedule set out in the settlement agreement, the 2013 Eligible Lists off of which Movants wish to be promoted would have been replaced twice already, thus making it clear that the parties to the settle-

ment agreement were not anticipating that firefighters would continue to be promoted off of the 2013 lists in 2022. Thus the relief Movants request is contrary to what the parties to the settlement agreement agreed.

3. Finbally, Movants are represented with respect to their employment relationship with the City, including with respect to promotions, by their union, Local 73, which was both a party to this long-dismissed case as well as Movants' exclusive bargaining representative under their collective bargaining agreement with the City.

If Movants have a complaint about how the City is handling promotions, including the City's decision to cease making promotions off of the *2013* Eligible Lists, Movants are required to address that complaint with and through Local 73. They have no standing as individual employees to circumvent their exclusive bargaining representative in this matter.

## CONCLUSION

For all these reasons, the motion to intervene should be denied.

JACOBSON PRESS P.C.

By: /s/ Joe D. Jacobson
Joe D. Jacobson #33715
222 South Central Ave., Suite 550
Clayton, Missouri 63105
Tel: (314) 899-9789
Direct: (314) 899-9790
Fax: (314) 899-0282
Jacobson@ArchCityLawyers.com

Attorneys for plaintiffs Percy Green III, Abram Pruitt, and Firefighters Institute for Racial Equality

3

**CERTIFICATE OF SERVICE**

The filing attorney certifies that on August 18, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic case filing system upon all participants in the Court's electronic case filing system.