UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PERCY GREEN, III, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:15 CV 1433 RWS |
| ) | |
| CITY OF ST. LOUIS, MISSOURI, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This case was closed on August 16, 2017, when it was dismissed with prejudice pursuant to a notice of voluntary dismissal. The case is before me on the motion to intervene filed by Robert "Dan" Eveland, William Ellner, Steven Nienhouse, Darren Williams, Andrew Woodhead, Donald "Tony" Champ, Licole McKinney, Timothy Schultz, Ted Chrun, Kevin Herdler, Michael Vincent, Ted Ellis, Joseph Nea, Jessica Jackson, Nick Scanga, John Fischer, and Dave Hummel ("Movants").[1] Doc. 75. Movants seek to intervene in this case to enforce the settlement agreement entered into by the original parties. For the reasons discussed below, Movants' motion will be denied.

---

[1] McKinney and Vincent have withdrawn their participation in the present motion because they were among the original plaintiffs in this case.

## BACKGROUND

This case was filed in 2015 in state court by several black firefighters for the City of St. Louis, Missouri (the "City"), who applied for a promotion to the rank of captain or battalion chief in 2013 ("Plaintiffs"). Plaintiffs brought several claims against the City for employment discrimination and equitable relief, alleging that the City structured its 2013 promotional tests for the ranks of captain and battalion chief in a way that adversely and disproportionately affected black candidates. Plaintiffs also alleged that the City treated black and white candidates differently in its administration of promotional tests for the rank of captain.

The case was removed from state court to this Court. A scheduling conference was later held, and the case was referred to alternative dispute resolution ("ADR"). Following ADR, the parties informed me that they had reached a resolution, pending the final approval and execution of a settlement agreement. The jury trial setting in this case was then vacated, and the parties were ordered to file dismissal papers. However, after being granted several extensions of time to file such papers, the parties informed me that they had been unable to come to a full resolution and settlement. As a result, another scheduling conference was held, followed by several additional status conferences.

Then, on August 15, 2017, Plaintiffs filed a notice of voluntary dismissal with prejudice, indicating that the City acknowledged a settlement and consented to the

dismissal of the case. An order of dismissal pursuant to the notice of voluntary dismissal was entered on the following day. A copy of the parties' settlement agreement was attached to the order of dismissal, which stated, in relevant part: "A copy of the fully-executed settlement agreement is attached and filed with the court to be part of the permanent record of this case." The case was then closed, and there was no further activity until Movants' present motion to intervene.

Movants filed their motion to intervene on August 3, 2022—almost five years after this case was dismissed with prejudice and closed. Movants are firefighters for the City, and they seek to intervene to enforce the settlement agreement entered into by Plaintiffs and the City. Both Plaintiffs and the City oppose Movants' motion.

## DISCUSSION

Movants' motion will be denied because it is untimely. Under Rule 24 of the Federal Rules of Civil Procedure, a party may seek to intervene in a case either as a matter of right or by permission. With either type of intervention, the threshold question is whether the motion to intervene is timely. <u>National Ass'n for Advancement of Colored People ("NAACP") v. New York</u>, 413 U.S. 345, 365 (1973); see also <u>Arkansas Elec. Energy Consumers v. Middle S. Energy, Inc.</u>, 772 F.2d 401, 403 (8th Cir. 1985) ("In determining whether intervention should be allowed, either as a matter of right or permission, the threshold question is whether

a timely application has been filed."). If a motion to intervene is untimely, "intervention must be denied." NAACP, 413 U.S. at 365.

The determination of whether a motion to intervene is timely is a matter within a district court's discretion. American Civil Liberties Union ("ACLU") of Minn. v. Tarek ibn Ziyad Acad., 643 F.3d 1088, 1094 (8th Cir. 2011). While this determination must be "based on all of the circumstances," a district court must consider the following factors: "(1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the delay in seeking intervention; and (4) whether the delay in seeking intervention may prejudice the existing parties." Id. (citing United States v. Ritchie Special Credit Invs., Ltd., 620 F.3d 824, 832 (8th Cir. 2010)).

In this case, the parties have provided very little discussion of the timeliness of Movants' motion. The only reference to the timeliness of Movants' motion is Movants' cursory statement, unsupported by any citations to legal authority, that their motion is "undeniably timely" because it was filed within a few months of the City's alleged breach of the settlement agreement. None of the parties have provided any discussion of the relevant factors to be considered when determining whether a motion to intervene is timely. Nevertheless, upon consideration of the relevant factors, I find that Movants' motion is untimely.

4

The first factor—the extent the litigation has progressed at the time of the motion to intervene—weighs heavily against intervention because the litigation in this case had been concluded for almost five years at the time of Movants' motion. See, e.g., United Food & Com. Workers Union, Local No. 663 v. United States Dep't of Agric., 36 F.4th 777, 780–81 (8th Cir. 2022) (finding the first factor weighed "strongly against intervention" where movants sought to intervene over a month after the court entered summary judgment and full vacatur); McClain v. Wagner Elec. Corp., 550 F.2d 1115, 1120 (8th Cir. 1977) (internal quotation marks omitted) ("[T]here is considerable reluctance on the part of the courts to allow intervention after the action has gone to judgment and a strong showing will be required of the applicant.  Motions for intervention after judgment ordinarily fail to meet this exacting standard and are denied.").

The second factor—the prospective intervenor's knowledge of the litigation—weighs against intervention because Movants were likely aware of the litigation in this case long before they sought to intervene.  Indeed, as firefighters for the City, Movants have likely been aware of this case since near its inception. Because Movants do not present any argument or evidence to the contrary, the second factor also weighs heavily against intervention.  See United Food & Com. Workers Union, 36 F.4th at 781 (quoting In re Wholesale Grocery Prods. Antitrust Litig., 849 F.3d 761, 767 (8th Cir. 2017)) (stating the second factor "'weighs heavily

5

where the would-be intervenor was aware of the litigation for a significant period of time before attempting to intervene'"); Nevilles v. Equal Emp't Opportunity Comm'n, 511 F.2d 303, 306 (8th Cir. 1975) (affirming denial of intervention where "[t]he district court could reasonably have determined that [movants] did not allege or prove that they had no knowledge of the suit during its pendency which would justify the delay in filing their motion").

The third factor—the reason for the delay in seeking intervention—weighs against intervention because Movants have not provided any explanation of why they chose not to intervene in this case while it was pending. In the absence of some persuasive justification for Movants' lengthy delay in seeking to intervene, the third factor also weighs against intervention. See United Food & Com. Workers Union, 36 F.4th at 781 (finding the third factor favored denying intervention because movants' justification for their delay in seeking intervention was unpersuasive and insufficient); Nevilles, 511 F.2d at 305 ("[T]he burden was on [movants] to demonstrate that they had no notice of the action and that this was sufficient reason for waiting over a year from commencement of suit, and over two months after entry of judgment, before they moved to intervene.").

The final factor—whether the delay in seeking intervention may prejudice the existing parties—is either neutral or weighs against intervention because Movants will not be significantly prejudiced by the denial of their motion. Movants will not

be significantly prejudiced by the denial of their motion because, to the extent they have claims for violations of their rights under the settlement agreement, they may pursue those claims in a separate action.  See Ritchie Special Credit Investments, 620 F.3d at 834 (noting there would be no prejudice to movant if it was not allowed to intervene because movant had another venue to contest and protect its claims and, therefore, had sufficient remedies to make intervention unnecessary).  Furthermore, even if intervention would not prejudice Plaintiffs and the City, I would still conclude that Movants' motion is untimely based on "the progress of the litigation, [Movants'] knowledge of it, and [Movants'] failure to adequately explain the delay." See ACLU of Minn., 643 F.3d at 1095.

In sum, the relevant factors weigh against permitting Movants to intervene in this case because the litigation had been concluded for almost five years at the time of Movants' motion, Movants were likely aware of the case since near its inception, Movants have not provided a persuasive justification for their delay in seeking to intervene, and Movants will not be significantly prejudiced by the denial of their motion.  Because the relevant factors weigh against permitting Movants to intervene in this case, their motion will be denied as untimely.

Moreover, contrary to Movants' assertion, I note that I do not have automatic jurisdiction to enforce the settlement agreement in this case because the original parties' obligation to comply with the settlement agreement was not made a part of

the order of dismissal. As the parties acknowledge, "district courts do not have inherent power, that is, automatic ancillary jurisdiction, to enforce an agreement settling federal litigation." Miener v. Missouri Dept. of Mental Health, 62 F.3d 1126, 1127 (8th Cir. 1995); see also Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994)). Such jurisdiction "exists only 'if the parties' obligation to comply with the terms of the settlement agreement is made part of the order of dismissal—either by a provision retaining jurisdiction over the settlement agreement or by incorporation of the terms of the settlement agreement in the order.'" Id. (quoting Kokkonen, 511 U.S. at 381).

In this case, the order of dismissal stated that "[a] copy of the fully-executed settlement agreement is attached and filed with the court to be part of the permanent record of this case." The order of dismissal did not, however, contain a provision retaining jurisdiction over the settlement agreement or a provision incorporating the terms of the settlement agreement into the order. The mere fact that the settlement agreement was made a part of the "permanent record of this case" did not make the parties' obligation to comply with the settlement agreement a part of the order of dismissal. While Movants urge me to adopt an alternative interpretation of the order of dismissal, their arguments are ultimately unpersuasive, particularly in light of the original parties' opposition to their proposed interpretation.

## CONCLUSION

Because Movants' motion is untimely and this Court does not have automatic jurisdiction to enforce the original parties' settlement agreement, Movants' motion will be denied. To the extent Movants have claims for violations of their rights under the settlement agreement, those claims should be pursued in a separate action.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to intervene filed by Robert "Dan" Eveland, William Ellner, Steven Nienhouse, Darren Williams, Andrew Woodhead, Donald "Tony" Champ, Licole McKinney, Timothy Schultz, Ted Chrun, Kevin Herdler Michael Vincent, Ted Ellis, Joseph Nea, Jessica Jackson, Nick Scanga, John Fischer, and Dave Hummel [75] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of September 2022.